Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore W. Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

John A. Yanchunis (*Pro Hac Vice* application to be filed)
jyanchunis@forthepeople.com
Tamra Givens (*Pro Hac Vice* application to be filed)
tgivens@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Fax: (813) 223-5402

Attorneys for Plaintiff,
ANTON GORODNIUK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON GORODNIUK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Breach of Contract<br>2. Violation of Delaware Consumer Fraud Act, 6 Del. C. § 2511, *et seq*.<br>3. Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.<br><br><u>DEMAND FOR JURY TRIAL</u> |

CLASS ACTION COMPLAINT

Plaintiff ANTON GORODNIUK ("Plaintiff"), by and through his undersigned attorneys, brings this Class Action Complaint against Defendants, CHASE BANK USA, N.A., JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A. (collectively, "Chase" or "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 seeking monetary, declaratory, and injunctive relief for himself and the class he represents consisting of all individuals in the United States to whom Defendants issued a Chase Freedom credit card during the pendency of Defendants' so-called limited time offer of a $200 bonus to cardholders and who made $500 in purchases within three months of opening their accounts. The complaint also seeks certification of a subclass of California residents.

2. This class action arises from Defendants' failure to honor its agreement to pay a $200 bonus to cardholders who opened Chase Freedom credit card accounts during Defendants' limited time $200 bonus offer and who made $500 in purchases within three months of opening their accounts.

## PARTIES

3. Plaintiff Anton Gorodniuk is an individual residing in San Francisco, California.

4. Defendant Chase Bank USA, N.A., a national bank association incorporated in Delaware, provides financial services, including consumer and commercial banking, issues credit cards, and is a subsidiary of Defendant JPMorgan Chase & Co.

5. Defendant JPMorgan Chase & Co. is an American based multi-national banking and financial services holding company. It is the largest bank in the United States.

6. Defendant JPMorgan Chase Bank, N.A., a national bank association incorporated in New York, provides financial services, including consumer and commercial banking, and is a subsidiary of Defendant JPMorgan Chase & Co.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of each of the defendants designated as a DOE are unknown to Plaintiff at this time and therefore Plaintiff sues these defendants by such fictitious names. Plaintiff will ask leave of the Court to amend

this Complaint to show the true names and capacities of the DOE defendants when that information has been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner and liable for the events and happenings herein alleged and, in such manner, proximately caused harm to Plaintiff as herein alleged.

## JURISDICTION AND VENUE

8.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendants.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that many of the acts and transactions giving rise to this action occurred in this District because Defendants:

   a.  are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District through distribution, marketing and sale of its products in this District;

   b.  do substantial business in this District; and

   c.  are subject to personal jurisdiction in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

9.  Chase offers a number of different credit cards, one of which is the Chase Freedom Card.

10.  The Terms and Conditions of the Chase Freedom Card online offer state: "JPMorgan Chase Bank, N.A. is making this offer to you on behalf of its Delaware affiliate, Chase Bank USA, N.A.  Chase USA is the issuer of Chase Consumer and Business credit cards."  The Terms and Conditions further state that responding to the offer forms an agreement with "Chase Bank USA, N.A., a subsidiary of JPMorgan Chase & Co."

11.  The Cardmember Agreement for the Chase Freedom Card states: "This document together with the Rates and Fees Table is an agreement between you, the cardmember, and Chase Bank USA, N.A., a subsidiary of JPMorgan Chase & Co."

12.  The Chase Freedom Card boasts no annual fee, 5% cash back on up to $1,500 spent in bonus categories each quarter, 0% Intro APR for 15 months and the opportunity to earn a $100 bonus

after spending $500 in the first three months from account opening.

13. Typically, as stated above, Chase will give a $100 bonus to new cardmembers who make $500 in purchases in the first three months of opening their accounts.

14. On or about November 19, 2013 through mid-December 2013 (the "Limited Time Offer Period"), Chase advertised a limited time offer in which new cardmembers who applied for and received a Chase Freedom Card could receive a $200 bonus (as opposed to the typical $100 bonus) if they spent at least $500 within three months of opening their accounts (the "$200 Bonus Offer").

15. Under the Terms and Conditions of the cardmember agreement, bonuses are earned as points, which can be redeemed by the cardmember for cash back. One point equals $0.01 cash back.

16. Accordingly, when a new cardmember spends $500 in the first three months of opening their account, Chase will issue that cardmember 10,000 points which can be redeemed by the cardmember for a $100 check.

17. Pursuant to Chase's $200 Bonus Offer, however, new cardmembers who opened their accounts during The Limited Time Offer Period and who spent $500 within the first three months of opening their accounts were to be issued 20,000 points, which could be redeemed for a $200 check.

18. Despite the $200 Bonus Offer, Chase failed to issue 20,000 points to cardmembers who opened accounts during the Limited Time Offer Period and who spent $500 in the first three months of the opening of their accounts, and failed to allow such cardmembers to redeem their points for a $200 check. Instead, Chase only issued 10,000 points to these cardmembers, allowing them to redeem their points for only a $100 check, not a $200 check as promised.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

19. On or around November 27, 2013, after seeing Chase's $200 Bonus Offer, Plaintiff applied and was approved for a Chase Freedom Card.

20. In the first three months of opening his account, Plaintiff made over $500 in purchases using his Chase Freedom Card.

21. Rather than giving Plaintiff a $200 bonus as offered, Chase only gave Plaintiff a $100 bonus. Despite calling Chase's customer service department to inquire why he only received a $100 bonus, Chase has never given Plaintiff any explanation as to why he did not receive the $200 bonus

and has not given him the additional bonus which he earned by using his Chase Freedom Card in accordance with Defendants' offer.

22. Plaintiff is informed and believes that Chase did not honor the $200 Bonus Offer.

### CLASS ACTION ALLEGATIONS

23. As to Counts I and II of this Complaint, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on his own behalf and on behalf of all individuals in the United States to whom Chase Bank USA, N.A. issued a Chase Freedom credit card during the pendency of Defendants' Limited Time Offer Period of a $200 bonus to cardholders and who made $500 in purchases within three months of opening their accounts (the "Class").

24. As to Count III of this Complaint, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on his own behalf and on behalf of all individuals residing in California to whom Chase Bank USA, N.A. issued a Chase Freedom credit card during the pendency of Defendants' limited time offer of a $200 bonus to cardholders and who made $500 in purchases within three months of opening their accounts (the "Subclass").

### NUMEROSITY

25. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. The Class and Subclass are made up of hundreds to thousands of members. The precise number of Class and Subclass members can only be ascertained through discovery, which includes Defendants' records. The disposition of their claims through a class action will benefit both the parties and this Court.

### COMMON QUESTIONS OF LAW AND FACT

26. There is a well-defined community of interest in the questions of law and fact affecting the members of the Class and Subclass.

27. The questions of law and fact common to the Class over questions which may affect individual members, and include but are not limited to the following:

    a. Whether Defendants breached their agreement to provide a $200 bonus to cardmembers who opened Chase Freedom Card accounts during the Limited Time Offer Period and who spent over $500 in the first three months of opening their accounts; and

      b.      Whether Defendants' conduct violated the Delaware Consumer Fraud Act.

28.    The questions of law and fact common to the Subclass over questions which may affect individual members, and include but are not limited to the following:

      a.      Whether Defendants' conduct is unlawful under California's UCL;

      b.      Whether Defendants' conduct is unfair under California's UCL;

      c.      Whether Defendants' conduct is fraudulent under California's UCL; and

      d.      Whether Defendants' conduct violated California's UCL.

## TYPICALITY

29.    The claims and defenses of Plaintiff as Class representative are typical of the claims and defenses of the Class and Subclass because Plaintiff and the Class members all opened Chase Freedom Card accounts during Chase's Limited Time Offer Period. Plaintiff, like all Class and Subclass members, made $500 in purchases in the first three months of opening his account and was not given a $200 bonus.

## ADEQUACY OF REPRESENTATION

30.    Plaintiff, as Class representative, will fairly and adequately assert and protect the interests of the Class as:

      a.      Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class and Subclass; and

      b.      Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

31.    Questions common to the Class and Subclass predominate over those affecting individual owners. This case involves Chase's uniform failure to honor its $200 bonus offer.

## SUPERIORITY

32.    A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

      a.      The common questions of law and fact set forth above predominate over any questions affecting only individual Class and Subclass members;

b. The Class and Subclass are so numerous as to make joinder impracticable. The Class and Subclass, however, are not so numerous as to create manageability problems. There are no unusual legal or factual issues which would create manageability problems;

c. Prosecution of a separate action by individual members of the Class and Subclass would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

d. The claims of the individual Class and Subclass members are small in relation to the expenses of litigation, making a class action the only procedure in which Class and Subclass members can, as a practical matter, recover; and

e. A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## FIRST CAUSE OF ACTION

### Breach of Contract (as to all Class members)

33. Plaintiff brings this claim on behalf of himself and the Class.

34. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

35. Defendants entered into an agreement with Plaintiff and Class members whereby Defendants agreed to give them a $200 bonus if they opened a Chase Freedom Card account during the limited offer period and spent $500 in the first three months of opening their accounts.

36. Defendants breached the agreement by failing to give Plaintiff and Class members a $200 bonus despite the fact that Plaintiff and Class members opened Chase Freedom Card accounts during the limited time offer period and made at least $500 in purchases using their Chase Freedom Cards in the first three months of opening their accounts.

37. As a direct and proximate result of Defendants' foregoing breaches, Plaintiff and Class members have suffered damages.

38. Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment be entered in his favor, awarding compensatory damages, interest and costs, and such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Violation of Delaware Consumer Fraud Act, 6 Del. C. § 2511, *et seq*. (as to all Class members)**

39. Plaintiff brings this claim on behalf of himself and the Class.

40. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

41. Defendants are "persons" as defined by 6 Del. C. § 2511(7).

42. Defendants' limited time $200 bonus offer is an "advertisement" within the meaning of 6 Del. C. § 2511(1).

43. Delaware's Consumer Fraud Act provides:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that other rely upon such concealment, suppression or omissions, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

6 Del. C. § 2513.

44. Defendants violated the Delaware Consumer Fraud Act's proscription against the act, use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact by misrepresenting and making a false promise that they would give Plaintiff and Class members a $200 bonus if they spent $500 in the first three months of opening their Chase Freedom Card accounts and/or by concealing the fact that they would not honor such promise.

45. Defendants' practices as alleged occurred "in the conduct of any trade or commerce in part or wholly within th[e] State" of Delaware under § 2512 of the Delaware Consumer Fraud Act in that Defendants' uniform cardmember agreement governing the Terms and Conditions of the Chase Freedom Card contains a Delaware choice of law provision and due to the presence of Chase Bank USA, N.A. in Delaware.

46. As a direct and proximate cause of Defendants' conduct, Plaintiff and Class members have been damaged.

47. In addition to compensatory damages, Plaintiff and Class members are entitled to an punitive damages because Defendants' conduct was fraudulent, gross, oppressive and/or reckless.

48. In addition, Plaintiff seeks an injunction to prevent Defendants from engaging in activities declared unlawful by the Delaware Consumer Fraud Act.

49. Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment be entered in his favor, awarding compensatory damages, punitive damages, interest and costs, injunctive relief, and such other relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,** *et seq.*

**(as to Subclass members only)**

50. Plaintiff brings this claim on behalf of himself and the Subclass.

51. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

52. California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. (the "UCL"), prohibits any unlawful, fraudulent, or unfair business act or practice and any false or misleading advertising.

53. Chase committed unlawful, fraudulent, and unfair business practices, and made a false advertisement, by representing that it would give new cardmembers a $200 bonus if they spent $500 in the first three months of opening their Chase Freedom Card accounts.

54. Chase's conduct is unlawful in that Chase breached uniform contracts with Plaintiff and Subclass members by failing to provide them with the promised $200 bonus.

55. Chase's conduct was unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Subclass members.

56. Chase's conduct constitutes a fraudulent business practice in violation of the UCL because it is likely to deceive reasonable consumers. Plaintiff relied on Defendants' representation that it would give him a $200 bonus if he opened a Chase Freedom Card during the limited time offer period and made $500 in purchases in the first three months of opening the account.

57. Plaintiff and suffered an injury in fact and lost money as a direct result of Chase's conduct because he applied for and opened his Chase Freedom Card account in reliance on Chase's representation that it would give them a $200 bonus if he spent $500 in the first three months of

opening his account.

58. Plaintiff, on behalf of himself and Subclass members, seeks injunctive relief in the form of an order requiring Defendants to issue an additional 10,000 points which they may redeem for a $100 cash back check, and prohibiting Defendants from engaging in the alleged misconduct in future limited time offers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief against Defendants as follows:

a. Certify a plaintiff Class and Subclass defined herein;

b. Appoint Plaintiff as Class Representative;

c. Appoint Plaintiff's counsel as Lead Class Counsel;

d. Award Plaintiff and Class and Subclass members compensatory, actual, and statutory damages as authorized by law;

e. Award Plaintiff and Class and Subclass restitution;

f. Award Plaintiff and Class and Subclass members equitable and injunctive relief as authorized by law;

g. Grant Plaintiff and Class and Subclass members declaratory relief as authorized by law;

h. Award Plaintiff costs and attorneys' fees as authorized by law;

i. Award interest to the Plaintiff, Class, and Subclass, including prejudgment interest, at the legal rate; and

j. Grant such other or further relief as allowed by law and as the Court deems appropriate.

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of his claims to the extent authorized by law.

Dated: April 18, 2014

**AHDOOT & WOLFSON, PC**

By: /s/ Robert Ahdoot
Robert Ahdoot
Tina Wolfson
Theodore W. Maya
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

John A. Yanchunis (*Pro Hac Vice* application to be filed)
Tamra Givens (*Pro Hac Vice* application to be filed)
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Fax: (813) 223-5402

Attorneys for Plaintiff,
ANTON GORODNUIK